UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHRISTOPHER LENARD BLOCKSON,<br><br>Petitioner,<br><br>v.<br><br>RONALD OLIVER, *et al.*,<br><br>Respondents. | Case No. 2:24-cv-00809-RFB-BNW<br><br>**ORDER** |

*Pro se* Petitioner Christopher Lenard Blockson filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition"). ECF No. 1-1. Following an initial review of the Petition under the Rules Governing Section 2254 Cases, this Court instructed Blockson to show cause why his Petition should not be dismissed based on a lack of jurisdiction. Blockson timely responded, filing a response, a motion for appointment of counsel, and a motion for summary judgment. ECF Nos. 4, 5, 6. For the reasons discussed below, this Court dismisses the Petition.

**I. BACKGROUND**[1]

Blockson challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County ("state court"). State of Nevada v. Christopher Blockson, C-18-336552-1. On April 22, 2019, the state court entered a judgment of conviction, pursuant to a guilty plea, for cruelty to animals and ownership or possession of a firearm by a prohibited person. Blockson was

---

[1] This Court repeats this section of its Order to Show Cause (ECF No. 3) for clarity purposes.

sentenced to an aggregate term of 3 years and 11 months to 10 years. Blockson appealed, but his appeal was dismissed after he filed a notice of voluntary withdrawal. Christopher Lenard Blockson v. State of Nevada, 78731.

On February 13, 2020, Blockson filed his first state habeas petition. Christopher Blockson v. Nevada Department of Correction, A-20-810466-W. The state court denied the petition, Blockson appealed, and the Nevada Court of Appeals affirmed on March 5, 2021. Christopher Lenard Blockson v. State of Nevada Department of Corrections, 81360-COA.

On December 18, 2020, Blockson filed his second state habeas petition. Christopher Blockson v. Warden Hutchings, A-20-826716-W. The state court denied the petition, Blockson appealed, and the Nevada Court of Appeals affirmed on October 7, 2021. Christopher Lenard Blockson v. William Hutchings, 82646-COA.

On March 25, 2021, in his criminal case, Blockson filed a motion to modify or correct his illegal sentence. The state court denied the motion, and Blockson appealed. On August 30, 2021, the Nevada Court of Appeals remanded the case to the state court to correct Blockson's judgment of conviction, explaining that the judgment of conviction contained a clerical error and instructing the state court "to enter an amended judgment of conviction that includes the proper sentencing statutes." Christopher Lenard Blockson v. State of Nevada, 82860-COA. On October 4, 2021, the state court entered an amended judgment of conviction.

On May 3, 2021, Blockson filed his first federal petition for a writ of habeas corpus in case number 2:21-cv-00731-GMN-VCF. This Court conducted a merits review of the petition, and on December 5, 2022, this Court denied Blockson's first federal petition and denied a certificate of appealability. Judgment was entered. Blockson appealed, and on August 31, 2023, the Court of Appeals for the Ninth Circuit denied Blockson's request for a certificate of appealability.

On August 13, 2021, in his criminal case, Blockson filed a "motion to overturn and vacate conviction for outrageous government conduct and recusal of Judge Wiese and District Attorney's Office for Clark County, Nevada." The state court denied the motion, and the Nevada Court of Appeals affirmed on March 30, 2022. Christopher Lenard Blockson v. State of Nevada, 83656-COA.

On April 21, 2023, Blockson filed his third state habeas petition. Christopher Blockson v. State of Nevada, A-23-869409-W. The state court denied the petition, Blockson appealed, and the Nevada Supreme Court dismissed the appeal on August 31, 2023.

Blockson filed his instant Petition on April 29, 2024. ECF No. 1-1.

## II. SECOND OR SUCCESSIVE STANDARD

"[A] federal habeas petition is second or successive if the facts underlying the claim occurred by the time of the initial petition, . . . and if the petition challenges the same state court judgment as the initial petition." Brown v. Muniz, 889 F.3d 661, 667 (9th Cir. 2018). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides, in relevant part, that a claim presented in a second or successive federal petition that was not presented in a prior petition shall be dismissed unless:

> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). Before a second or successive petition may be filed in a federal district court, a habeas petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the petition. See id. § 2244(b)(3). The district court does not have

jurisdiction to entertain a second or successive petition absent such permission. See Brown, 889 F.3d at 667. "[I]n cases involving doubt about whether a petition will be deemed second or successive," the Ninth Circuit has instructed "petitioners to seek authorization in [its] court first, rather than filing directly in the district court." Goodrum v. Busby, 824 F.3d 1188, 1195 (9th Cir. 2016) (citation omitted).

## III.     DISCUSSION

Blockson's Petition challenges the same April 22, 2019, judgment of conviction that was challenged in case number 2:21-cv-00731-GMN-VCF. And, importantly, the petition filed in case number 2:21-cv-00731-GMN-VCF was decided on its merits. This Court instructed Blockson to show cause why his Petition should not be dismissed for a lack of jurisdiction based on the Petition being second or successive. ECF No. 3. In response, Blockson argues, *inter alia*, that (1) his convictions for "felony animal cruelty and shooting into or from a structure or vehicle were fraudulent," and (2) the amended judgment of conviction corrected more than just a clerical error. ECF No. 5.

Turning to Blockson's first argument, Blockson contends that prosecutorial misconduct resulted in his convictions being fraudulent. These are the same contentions Blockson makes in his Petition. However, the facts underlying Blockson's claims all appear to have occurred by the time of the initial federal petition.

Turning to Blockson's second argument, this Court is cognizant of the fact that an amended judgment of conviction was entered on October 4, 2021. However, this amended judgment of conviction was (1) addressed within the merits order in case number 2:21-cv-00731-GMN-VCF, and (2) merely corrected a scrivener's error. See Turner v. Baker, 912 F.3d 1236, 1239 (9th Cir. 2019) (explaining that where a subsequent petition follows amendment of the judgment of

conviction, the question of whether the subsequent petition is successive within the meaning of AEDPA turns on the nature of the amendment of the judgment). Regarding the latter point, the Nevada Court of Appeals only ordered that Blockson's original judgment of conviction be amended because it did not refer to the sentencing statutes.[2] The Ninth Circuit has held that an amended judgment that "replaces an invalid sentence with a valid one" creates a new, intervening judgment; however, simply "[c]orrecting a scrivener's error in the abstract of judgment does not lead to a new judgment because the judgment itself does not change." Gonzalez v. Sherman, 873 F.3d 763, 769, 772 (9th Cir. 2017). Because the lack of inclusion of the sentencing statutes in Blockson's original judgment of conviction did not affect the judgment itself, Blockson's amended judgment of conviction did not amount to a new judgment, so Blockson's Petition is challenging the same judgment as he challenged in case number 2:21-cv-00731-GMN-VCF.

In sum, because (1) the facts underlying Blockson's claims in his Petition appear to have all occurred by the time of his initial federal petition, and (2) Blockson's Petition challenges the same state court judgment as his initial federal petition, the Court dismisses the Petition as second or successive. Blockson may file an application for leave to file a second-or-successive petition with the Court of Appeals for the Ninth Circuit if he so desires.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that the Petition (ECF No. 1-1) is dismissed without prejudice to its refiling should Blockson obtain permission to refile from the Court of Appeals for the Ninth Circuit. A certificate of appealability is denied as reasonable jurists would not find the dismissal of the Petition to be debatable or wrong for the reasons discussed herein.

---

[2] Nevada law provides that "the judgment of conviction must set forth . . . a reference to the statute under which the defendant is sentenced." Nev. Rev. Stat. § 176.105(1)(c).

**IT IS FURTHER ORDERED** that the motion for appointment of counsel (ECF No. 4) is **DENIED**.

**IT IS FURTHER ORDERED** that the motion for summary judgment (ECF No. 6) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court (1) file the Petition (ECF No. 1-1), (2) add Nevada Attorney General Aaron D. Ford as counsel for Respondents,[3] (3) informally serve the Nevada Attorney General with the Petition (ECF No. 1-1), this Order, and all other filings in this matter by sending notices of electronic filing to the Nevada Attorney General's office, (4) enter final judgment, and (5) close this case.

**DATED:** March 28, 2025.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT COURT**

---

[3] No response is required from Respondents other than to respond to any orders of a reviewing court.